United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL McCOY HILDEBRAND,

    Petitioner,

vs.

F. X. CHAVEZ and EDMUND G. BROWN, Jr.,

    Respondents.

           /

No. C 10-1957 PJH (PR)

**ORDER FOR RESPONDENTS TO SHOW CAUSE**

This is a habeas case filed pro se by a state prisoner. The petition was filed on April 29, 2010. In it petitioner said that he was convicted on December 8, 2006, abandoned his direct appeal in 2007, and had a state habeas petition denied on July 30, 2009. The court noted in its initial review order that depending on when the first state habeas petition was filed, the federal statute of limitations might have expired before he filed it. The court ordered petitioner to show cause why the petition should not be dismissed as untimely. Petitioner has responded.

Petitioner does not contend that the state petition was filed in time to toll the running of the limitations period, but he does contend that he is entitled to equitable tolling. Rather than attempting to rule based on the sketchy information now available, respondents will be ordered to show cause why the petition should not be granted, which would encompass a motion to dismiss on statute of limitations grounds if they consider one justified.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 13, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\HILDEBRAND1957.OSC.wpd